IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JEFFREY WILLIAMS,

    Plaintiff,

v.

ATLLIMO, LLC d/b/a Coach Alladin,

    Defendants.

Case No.: 1:20-CV-02251-JDB

## DEFENDANT ATTLIMO, LLC d/b/a COACH ALLADIN'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, Defendant ATTLIMO, LLC d/b/a COACH ALLADIN (hereinafter, "Defendant") by and through counsel, KIERNAN TREBACH LLP, and hereby respectfully submits its Objections and Responses to Plaintiff's Request for Production of Documents as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to all instructions and discovery to the extent that they require or purport to require supplementation beyond that which is required by the applicable Rules.

2.    Defendant objects to all instructions, interrogatories and request for production of documents which require or purport to require the provision of the conclusions, opinion, or contentions of counsel which pertain or require a determination of appropriate or advisable areas for inquiry and investigation of matters set forth therein. Defendant interposes the attorney/client and attorney/work-product privileges regarding all such matters.

3.    Defendant objects to all instructions, interrogatories and request for production of documents which require or purport to require the provision of home addresses and telephone numbers and other personal information regarding its directors, officers, employees, and agents as unduly burdensome, irrelevant and outside the reasonable scope of discovery, excepting for such information as reasonably necessary for Plaintiff or his attorney to contact and obtain information from such persons.

4.    Defendant objects to all instructions, interrogatories and request for production of documents which require or purport to require investigation and/or inquiry of persons who are

not present employees and/or agents of Defendant as over-broad, burdensome, and outside the reasonable inquiry required under the applicable Rules.

5. Defendant objects to all instructions, interrogatories and request for production of documents which require or purport to require the provision of any information, speculation, or belief which is beyond the sworn knowledge of Defendant, as vague, over-broad, irrelevant, and beyond the scope of discovery permitted under the applicable Rules. Defendant also interposes the work product privilege and (where applicable) the attorney/client and attorney/work-product privileges as it pertains to information sought by such instructions, interrogatories and request for production of documents.

6. Defendant objects to all Interrogatories and Requests for Production of Documents seeking identification of "all," "each," or "every" document or person which may be related to a specific point or points, as being unduly burdensome, over-extensive, not within the practical capabilities of Defendant to comply with, and beyond the requirements of the applicable Rules. In each case where some answer is provided, such answer is provided based upon all of a logically directed search through the records of Defendant has not undertaken or completed a review of every document it retains, and objects to any purported requirement that it do so.

7. For personal privilege and confidentiality reasons, Defendant has redacted all documents in regard to dates of birth, social security numbers, financial identifications, premiums and bank account numbers.

## OBJECTIONS AND RESPONSES TO REQUEST FOR DOCUMENTS

**REQUEST NO. 1:** The entire personnel file and/or human resources file of Defendant ATLLIMO bus driver Gregory M. Washington.

**RESPONSE:** **Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 2:** Mr. Washington's employment application and any notes or documentation regarding his interview for employment.

**RESPONSE:** **As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 3:** The entire qualification file or any file regarding any investigation into the qualifications of the Mr. Washington before he was hired or retained.

**RESPONSE:** **Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 4:** Reports received or generated regarding Mr. Washington's safety record before he was hired.

**RESPONSE:** **Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 5:** Reports received or generated regarding Mr. Washington's safety record after Mr. Washington was hired.

**RESPONSE:** **As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 6:** Reports received or generated regarding Mr. Washington's criminal background check before he was hired.

**RESPONSE:** None.

**REQUEST NO. 7:** Reports received or generated regarding Mr. Washington's criminal background check after he was hired.

**RESPONSE:** None.

**REQUEST NO. 8:** Mr. Washington's driving record secured by this Defendant before he was hired.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 9:** Mr. Washington's driving record secured by this Defendant at any time after he was hired.

**RESPONSE:** None.

**REQUEST NO. 10:** Any documents regarding Mr. Washington's employment history.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 11:** Documentation regarding any contact with any prior employers of Mr. Washington prior to hiring Mr. Washington.

**RESPONSE:** None.

**REQUEST NO. 12:** All medical documentation in your possession regarding the health of Mr. Washington including but not limited to any physicals, drug testing, vision testing, etc. or regarding Mr. Washington's physical condition at any time while employed by this Defendant.

**RESPONSE:** Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, seeks to violate HIPAA and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 13:** Any and all documents regarding any safety tests taken by Mr. Washington, including the results of any such safety tests.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 14:** Any and all documents regarding any reprimands, criticisms, or complaints as to Mr. Washington at any time he was employed by this Defendant.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 15:** A copy of Mr. Washington's driver's license.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 16:** Documents regarding the completion, attempts or non-completion of any driving programs attended by Mr. Washington.

**RESPONSE:** As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 17:** The entire drug and alcohol file of Mr. Washington including, but not limited to, preemployment, post-occurrence, random, reasonable suspicion and return to duty drug and alcohol testing results.

**RESPONSE:** Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, seeks to violate HIPAA and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 18:** Any and all payroll and benefit records for Mr. Washington.

**RESPONSE:** Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 19:** The entire safety performance file for Mr. Washington.

**RESPONSE:** Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 20:** Any and all records of health insurance claims, disability claims, sickness or doctors' excuses or the entire medical records chart of the Mr. Washington for three (3) years prior to the occurrence.

RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, seeks to violate HIPAA and may seek confidential or information protected by personal privacy. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

REQUEST NO. 21: All logs - official or unofficial - of Mr. Washington for six (6) months prior to and thirty (30) days after the collision.

RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

REQUEST NO. 22: Any and all state safety audits of Mr. Washington.

RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

REQUEST NO. 23: Any and all federal occurrence reports filed by Mr. Washington during the period of 2014 to the present.

RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

REQUEST NO. 24: Any and all cellular and telephone records, including bills of Mr. Washington, for the day of the occurrence and seven (7) days prior and seven (7) days after.

RESPONSE: None.

REQUEST NO. 25: Any documents in your possession regarding any insurance coverage for Mr. Washington.

RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad, not reasonably limited in time or scope, not reasonably calculated to lead to the discovery of admissible evidence, seeks to violate HIPAA and may seek confidential or

information protected by personal privacy. Subject to and without waiving these objections: None.

**REQUEST NO. 26:** Produce any other file or documents regarding Mr. Washington not previously requested above.

**RESPONSE: Defendant objects to this Request on the grounds that it is an impermissible "catch-all" and, as such, Defendant incorporates all such objections raised herein. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

## Documents Relative to the Vehicle Involved

**REQUEST NO. 27:** Any and all video footage taken within the ATLLIMO, LLC d/b/a Coach Aladdin Bus involved in the above-referenced incident and date, including, but not limited to, any and all video footage that depicts the driver of said Coach Aladdin Bus.

**RESPONSE: None.**

**REQUEST NO. 28:** Any and all video footage taken from cameras attached to the ATLLIMO, LLC d/b/a Coach Aladdin Bus involved in the above-referenced incident and date, including, but not limited to, any and all video footage that depicts the movement of said Coach Aladdin Bus, the environment surrounding said Coach Aladdin Bus, and/or any other vehicles on the roadway with said Coach Aladdin Bus.

**RESPONSE: None.**

**REQUEST NO. 29:** Any and all incident report(s) created by ATLLIMO, LLC d/b/a Coach Aladdin and/or its insurer(s) to document and/or investigate the above-referenced incident.

**RESPONSE: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 30:** The Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the vehicle involved in the occurrence.

**RESPONSE:** Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**Contracts and Leases**

**REQUEST NO. 31:** Any lease agreements and/or contracts that were in effect at the time of the occurrence between this Defendant and any other person or entity regarding the scope and use of the vehicle involved in the occurrence.

**RESPONSE:** Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to these objections: Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

**REQUEST NO. 32:** Any contracts between this Defendant and any other person or entity regarding indemnification or contribution for claims arising out of the occurrence.

**RESPONSE:** None.

**REQUEST NO. 33:** Any releases, Mary Carter agreements, or any other documents which serve to limit, reduce or modify your potential liability in this matter or your potential joint and several share of any judgment that may be entered in this matter.

**RESPONSE:** None.

**REQUEST NO. 34:** Any documents regarding the existence of insurance coverage for the occurrence, any reservation of rights, or any other documents regarding any diminution or modification of any insurance coverage that may potentially cover any judgment entered as a result of the occurrence, including any documents indicating policy limits of said coverage.

**RESPONSE:** Defendant objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.

## General Document Requests

**REQUEST NO. 35:** Any document prepared during the regular course of business as a result of the occurrence complained of in Plaintiff's Complaint.

**RESPONSE: Defendant objects to this Request to the extent that it seeks the discovery of documents protected by the attorney-client privilege, work product doctrine, trial strategy and/or those prepared in anticipation of litigation. Subject to these objections: Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 36:** Any photographs taken regarding the vehicles, the scene, or any other matter relevant to the occurrence.

**RESPONSE: None.**

**REQUEST NO. 37:** Any video surveillance or imaging of the Plaintiff.

**RESPONSE: None.**

**REQUEST NO. 38:** The employee handbook issued to Mr. Washington.

**RESPONSE: None.**

**REQUEST NO. 39:** Any safety manuals in effect at the time of the occurrence.

**RESPONSE: Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 40:** Any driver's manuals in effect at the time of the occurrence.

**RESPONSE: Defendant objects to this Request on the grounds that it is unduly vague, overly broad and not reasonably limited in time or scope. Subject to and without waiving these objections: As Defendant is no longer in operation, Defendant is not in possession, custody and/or control of any such documents.**

**REQUEST NO. 41:** All insurance policies including liability, general liability, excess umbrella for the vehicle, and any other insurance that will, or may, cover the occurrence.

**RESPONSE: Defendant objects to this Request on the grounds that it duplicative and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and**

without waiving these objections: A (redacted) copy of the applicable declarations page will be produced upon receipt.

**REQUEST NO. 42:** A copy of the driver's manual or handbook issued to Mr. Washington.

**RESPONSE: None.**

**REQUEST NO. 43:** All documents identified in your Answers to Interrogatories, as well as any documents provided by any party to this lawsuit in their Answers to Interrogatories.

**RESPONSE: No Interrogatories were propounded.**

**REQUEST NO. 44:** All written, recorded, or signed statements of any party, including the Plaintiff, Defendants, witnesses, investigators or agents, representatives or employees of the parties concerning the subject matter of this action.

**RESPONSE: Defendant objects to this Request to the extent that it seeks the discovery of documents protected by the attorney-client privilege, work product doctrine, trial strategy and/or those prepared in anticipation of litigation. Subject to and without waiving these objections: None.**

**REQUEST NO. 45:** All photographs, videotapes or audio tapes, x-rays, diagrams, medical records, surveys or other graphic representations of information concerning the subject matter of this action, the Plaintiff or property damage.

**RESPONSE: None.**

**REQUEST NO. 46:** Any documents received pursuant to any subpoena requests in this action.

**RESPONSE: All such documents will be produced upon receipt.**

**REQUEST NO. 47:** Copies of any treatise, standards in the industry, legal authority, rule, case, statute or code that will be relied upon in the defense of this case.

**RESPONSE: Defendant objects to this Request to the extent that it seeks to violate the Rule on expert discovery. Subject to and without waiving this objection: None at this time.**

Dated: April 2, 2021.				Respectfully Submitted,

KIERNAN TREBACH LLP

*[signature]*
_____
Craig L. Sarner, Esquire, D.C. Bar No. 447523
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
Telephone (202) 712-7000
Facsimile (202) 712-7100
csarner@kiernantrebach.com
*Counsel for Defendant Atlimmo, LLC d/b/a Coach Alladin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2021, a copy of the foregoing was served via Pacer/ECF and/or first class mail, postage prepaid, on:

Archie L. Rich, II, Esquire
The Rich Firm, P.C.
1250 I Street, N.W., Suite 902
Washington, DC 20005
(202) 529-9379
(202) 779-9140 (facsimile)
rk@therichfirm.com
*Counsel for Plaintiff*

*[signature]*
_____
Craig L. Sarner