

A FULL-SERVICE LITIGATION AND TRIAL PRACTICE LAW FIRM

Archie L. Rich II (DC)  
*Principal*  
Ryan M. Krute (MD)  
*Associate*

Arthur Schwartz, M.D., J.D. (MD)  
A. Leon Aussprung, M.D., J.D. (PA, NJ)  
Roderick Edmond, M.D., J.D. (GA)  
Martin Bell, M.D., J.D. (AZ)  
David Myerberg, M.D., J.D. (WV)  
Malik Drake, Esq. (VA)  
*Of Counsel*

April 28, 2021

**VIA EMAIL**  
Craig Sarner, Esq.  
Kiernan Trebach LLP  
1233 20th Street, NW, Eighth Floor  
Washington, DC 20036  
csarner@kiernantrebach.com

                    **Re:    Jeffrey Williams v. ATLLIMO, LLC, d/b/a Coach Aladdin**  
                          **U.S. District Court Case No. 1:20-cv-02251-JDB**

Dear Mr. Sarner:

       This correspondence is in response to your Deficiency Letter dated April 13, 2021. Please note that the following responses in no way waive any previously stated objections or reservations of the right to amend or supplement responses as additional information or documents become available during the course of Discovery.

**I.      Plaintiff's Answers to Interrogatories**

**Interrogatory No. 8**

**Interrogatory No. 8:** 8. Identify every medical doctor, physician, dietician, nutritionist, chiropractor, osteopathic physician, psychiatrist, psychologist, physical therapist, physical or medical therapists, or health care provider by whom you have been examined, treated, consulted, evaluated, and/or diagnosed from January 1, 2010 to the present and, for each person identify: the person's name, address and occupation; the date(s) of each examination, treatment, consultation, evaluation and/or diagnosis with each such person; the purpose(s) of each examination, treatment, consultation, evaluation and/or diagnosis; the specific examination, treatment, consultation, evaluation, procedures or operations performed; and any advice, prescription or future treatment program recommended or prescribed; and describe the diagnosis or prognosis made.

**Plaintiff's Answer to Interrogatory No. 8:** This Interrogatory requests Plaintiff to identify any and all medical care providers Plaintiff has seen for any type of health issue, regardless of

whether such treatment was related in any way to the injuries Plaintiff has claimed in this action, since January 1, 2010. This interrogatory further requests that Plaintiff describe, among other details, the dates and types of the exams and treatment, and any and all diagnosis and medical advice given to Plaintiff during this eleven year period. Plaintiff therefore objects to this Interrogatory as overbroad, overburdensome, and that it requests information that is unlikely to lead to the discovery of admissible evidence. Notwithstanding these objections, and without waiver, Plaintiff directs Defendant to the medical records which have been produced in response to Defendant's Requests for Production of Documents.

**Defendant Claimed Deficiency on Interrogatory No. 8:** Interrogatory No. 8 requests the identity of all medical and mental health providers that Plaintiff has seen in the last 10 years, along with the dates, treatment, etc. Your objection is not well-taken. This Interrogatory requesting information regarding Plaintiff's prior medical history is reasonably calculated to lead to the discovery of admissible evidence. The request for 10-years' worth of information is not overly broad. Your Answer does not respond to the Interrogatory as the documents produced do not contain the requested information. Therefore, please withdraw your objection and respond to this Interrogatory within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff's Response to Claimed Deficiency on Interrogatory No. 8:** Plaintiff has produced the medical records in his possession, which do respond to this Interrogatory. Those records contain accurate representations of the medical care providers, the dates of service, the conditions and diagnosis of the patient, and the treatment provided. Requiring the Plaintiff, a layperson, to reproduce the information contained in those many pages of medical records is an overburdensome request. Furthermore, requiring Plaintiff to identify each and every medical care appointment he has had since the year 2010, along with the extensive detail asked by this Interrogatory, is also overburdensome and requests information that has nothing to do with this case, such as information about routine primary care checkups from over 10 years ago. Plaintiff therefore stands by his objections stated in his original Answer. Notwithstanding those objections, and without waiver, Plaintiff saw Dr. Ama Tyus, his primary care physician, during approximately 2011 to 2018. Plaintiff went to Dr. Tyus for his annual checkups as well as for suspected sleep apnea issues and kidney stones he had in approximately 2017. Plaintiff has produced medical records from Dr. Tyus for dates of service after the bus collision that is the subject of this action. Plaintiff has requested medical records from Dr. Tyus from before the collision and will produce them to Defendant upon receipt.

## Interrogatory No. 10

**Interrogatory No. 10:** Provide a complete itemization of any and all special damages, invoices, bills, or other financial or economic loss(es) that you claim are related to the events as alleged in the Complaint, including but not limited to all hospital and health care provider bills; past and future wage loss and supporting calculations, losses incurred and/or anticipated, and any and all other claimed damages and losses, and include in your answer whether any such claimed damages and losses have been reimbursed, covered or paid for by any person other than you, and if so, identify the amounts reimbursed, covered or paid for and identify the person providing same.

**Plaintiff's Answer to Interrogatory No. 10:** Regarding medical expenses, Plaintiff directs Defendant to the medical bills produced in Discovery. Regarding lost earnings and earning capacity, Plaintiff objects to this Interrogatory to the extent that it requests expert testimony, as the Answer requires expert opinions from a vocational rehabilitation specialist and/or an economist. Plaintiff will provide information responsive to this Interrogatory with his Rule 26(a)(2) Statement per the Court's Scheduling Order.

**Defendant Claimed Deficiency on Interrogatory No. 10:** Interrogatory No. 10 requests an itemization of the specials being claimed. Referring to the medical bills is not sufficient as it forces us to try to determine what specials Plaintiff is claiming. Therefore, please respond to this Interrogatory within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff's Response to Claimed Deficiency on Interrogatory No. 10:** Plaintiff is claiming all medical specials identified in the produced medical bills. These charges are itemized with descriptions within the bills provided. Plaintiff has sufficiently responded to this Interrogatory.

**Interrogatory No. 20**

**Interrogatory No. 20:** (This Interrogatory is to obtain information for compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. 1395y(b)((7) and (8), and is continuing in nature so long as this lawsuit is pending.) Have you or anyone on your behalf been a Medicare or Medicaid beneficiary? If so, please identify all such beneficiaries, provide the beneficiary's Medicare Health Information Claim Number (HCIN) and Social Security Number, the dates on which the beneficiar(ies)'s Medicare or Medicaid status began and terminated, whether there is any lien asserted by Medicare or Medicaid against any proceeds in this action, and the amount of any and all such liens and any related reductions in lien amounts.

**Plaintiff's Answer to Interrogatory No. 20:** Plaintiff objects to this Interrogatory to the extent that it violates the Collateral Source rule. Notwithstanding this objection, and without waiver, Plaintiff directs the Defendant to the medical bills produced in Discovery.

**Defendant Claimed Deficiency on Interrogatory No. 20**: Interrogatory No. 20 requests information on statutory liens. Defendant is entitled to know whether any exist with regard to this matter. Such a request does not violate the collateral source rule and such rule only protects against the offering of such evidence at trial, not a discovery request. Referring us to the medical records does not respond to this Interrogatory. Therefore, please withdraw your objection and respond to this Interrogatory within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff's Response to Claimed Deficiency on Interrogatory No. 20:** Plaintiff referred Defendant to the medical bills produced in Discovery, not the medical records. These bills

contain references to the medical insurer(s) who covered Plaintiff's medical expenses related to this incident. Plaintiff has responded to this Interrogatory and stands by his original objection. Notwithstanding this objection, and without waiver, Plaintiff is not aware of any lien being asserted by Medicare or Medicaid at this time.

## II. Plaintiff's Responses to Requests for Production of Documents

### Request No. 1

**Request No. 1:** Any and all health care documents, including but not limited to: medical records; surgical records; mental health records; bills; receipts; invoices; writings; notes or memoranda relating in any way to Plaintiff's health and/or her physical, mental or medical condition(s), illnesses, disabilities, or therapeutic and rehabilitative care, including, but not limited to documents from or regarding doctors, psychologists, counselors, social workers, vocational rehabilitation specialists, nurses, practitioners, hospitals, clinics, institutions, or other health care providers or accident insurers, from January 1, 2010 to present, without regard to whether it is the Plaintiff's contention that such physical, mental or medical conditions, illnesses, or disabilities were caused in any way by Defendant

**Plaintiff Response to Request No 1:** This Request asks Plaintiff to produce all medical records for any and all medical treatment, regardless of whether such treatment was related in any way to the injuries Plaintiff has claimed in this action, for the past eleven (11) years. Plaintiff therefore objects to this Request as it is overbroad, overburdensome, and requests information that is unlikely to lead to the discovery of admissible evidence. Notwithstanding these objections, and without waiver, Plaintiff directs Defendant to the medical records within the subfolder titled "Medical Records" which have been produced using a Dropbox link.

**Defendant Claimed Deficiency on Request No. 1:** Request No. 1 requests all medical records in Plaintiff's possession for the last 10 years. Your objection is not well-taken. The request for 10-years' worth of information is not overly broad. Your Response does not respond to the Request as the documents produced do not contain the requested information. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff's Response to Claimed Deficiency on Request No. 1:** Defendant's Request asks for Plaintiff's medical records during the past eleven (11) years from every health care provider he has seen during that time frame, without any relation or reference to the injuries claimed in the instant action. Such records could contain private medical information that is in no way at issue in the instant action. Plaintiff therefore stands by his original objections. Notwithstanding these objections, and without waiver, Plaintiff has requested medical records from his former primary care physician Dr. Ama Tyus during the referenced period and will produce them to Defendant upon receipt.

### Request No. 9

**Request No. 9:** Any and all documents regarding social security benefits, disability pension, income, unemployment compensation, insurance of any kind, Medicare and/or Medicaid benefits, or workers compensation benefits received by Plaintiff at any time from January 1, 2015 to present.

**Plaintiff's Response to Request No. 9:** Plaintiff objects to this Interrogatory as it requests documents in violation of the Collateral Source Rule. Notwithstanding this objection, and without waiver, Plaintiff directs Defendant to the subfolder "Medical Bills" within the Dropbox link.

**Defendant Claimed Deficiency on Request No. 9:** Request No 9 requests documents related to statutory liens. Defendant is entitled to know whether any exist with regard to this matter. Such a request does not violate the collateral source rule and such rule only protects against the offering of such evidence at trial, not a discovery request. Referring us to the medical records does not respond to this Interrogatory. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff Response to Defendant Claimed Deficiency on Request No. 9:** Plaintiff referred Defendant to the medical bills produced in Discovery, not the medical records. These bills contain references to the medical insurer(s) who covered Plaintiff's medical expenses related to this incident. Plaintiff has responded to this Request and stands by his original objection. Notwithstanding this objection, and without waiver, Plaintiff does not possess any documents related to any lien being asserted by Medicare or Medicaid at this time.

**Request No. 18**

**Request No. 18:** Any and all documents relating or referring to your employment, income, unemployment, salary, compensation, disability, work, and/or income from January 1, 2015 to present.

**Response to Request No. 18:** Plaintiff object to this Request to the extent that it requests documents that are unable to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiver, Plaintiff directs Defendant to the subfolder "Lost Wages and Tax Documents" within the Dropbox link.

**Defendant Claimed Deficiency on Request No. 18:** Request No. 18 requests employment income information from 2015 to the present. Your objection is not well-taken. As you are making a claim for lost income, per your vocational expert's report, we are entitled to these records. However, you only produced limited records from Uber and the tax records for 2016. That is not sufficient. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff Response to Defendant Claimed Deficiency on Request No. 18:** Plaintiff has produced all documents currently in his possession that are responsive to this Request. Plaintiff has made requests to his former employers for records and will produce said records upon receipt. Plaintiff includes tax documents he recently received from the IRS for the tax year 2017 with this letter.

**Request No. 19:**

**Request No. 19:** Any and all income tax returns, with all attachments, (state and federal) from 2015 to present.

**Plaintiff Response to Request No. 19:** Plaintiff object to this Request to the extent that it requests documents that are unable to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiver, Plaintiff directs Defendant to the subfolder "Lost Wages and Tax Documents" within the Dropbox link.

**Defendant Claimed Deficiency on Request No. 19:** Request No. 19 requests tax records from 2015 to the present. Your objection is not well-taken. As you are making a claim for lost income, per your vocational expert's report, we are entitled to these tax records. However, you only produced the tax records for 2016. That is not sufficient. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff Response to Defendant Claimed Deficiency on Request No. 19:** Plaintiff has produced all documents currently in his possession that are responsive to this Request. Plaintiff has made requests for his tax records and will produce said records upon receipt. Plaintiff includes tax documents he recently received from the IRS for the tax year 2017 with this letter.


**Request No. 21:**

**Request No. 21:** Any and all documents to, from, referring or relating to communications with any employer or prospective employer of yours from January 1, 2018 to the present.

**Plaintiff's Response to Request No. 21:** Plaintiff object to this Request to the extent that it requests documents that are unable to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiver, Plaintiff directs Defendant to the subfolder "Lost Wages and Tax Documents" within the Dropbox link.

**Defendant Claimed Deficiency on Request No. 21:** Request Nos. 21 and 22 request records for any effort Plaintiff undertook to find a job. Your objections are not well-taken. As you are making a claim for lost income, per your vocational expert's report, we are entitled to these records. None were provided. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff Response to Defendant Claimed Deficiency on Request No. 21:** Plaintiff has produced medical records in which he is placed off work by his doctors. Therefore, Plaintiff is not in possession of any applicable documents created after the subject bus collision. Notwithstanding this, Plaintiff produces a Job Offer Letter Plaintiff accepted on May 1, 2018 with this letter.

**Request No. 22:**

**Request No. 22:** Any and all documents related to your effort to find employment of any kind from January 1, 2018 to present including but not limited to all job applications, letters, e-mails, documents from job posting boards.

**Plaintiff's Response to Request No. 22:** Plaintiff object to this Request to the extent that it requests documents that are unable to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiver, Plaintiff directs Defendant to the subfolder "Lost Wages and Tax Documents" within the Dropbox link.

**Defendant Claimed Deficiency on Request No. 22:** Request Nos. 21 and 22 request records for any effort Plaintiff undertook to find a job. Your objections are not well-taken. As you are making a claim for lost income, per your vocational expert's report, we are entitled to these records. None were provided. Therefore, please withdraw your objection and respond to this Request within 10 days. Failure to do so will result in a Motion to Compel being filed.

**Plaintiff Response to Defendant Claimed Deficiency on Request No. 22:** Plaintiff has produced medical records in which he is placed off work by his doctors. Therefore, Plaintiff is not in possession of any applicable documents created after the subject bus collision. Notwithstanding this, Plaintiff produces a Job Offer Letter Plaintiff accepted on May 1, 2018 with this letter.

Very truly yours,

*//s// Archie L. Rich, II*
Archie L. Rich, Esq.